**Petitions for Writ of Mandamus Denied and Memorandum Majority and Dissenting Opinions filed April 28, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00845-CV

### NO. 14-19-00847-CV

---

## IN RE FACEBOOK, INC. AND FACEBOOK, INC. D/B/A INSTAGRAM, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**334th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 2018-69816, 2018-82214**

---

### NO. 14-19-00886-CV

---

## IN RE FACEBOOK INC. D/B/A INSTAGRAM, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-16262**

# MEMORANDUM DISSENTING OPINION

I respectfully dissent from these denials of mandamus and I urge the Texas Supreme Court to review these cases. Federal law grants Facebook immunity from suits such as these. *See* 47 U.S.C. § 230. Because Facebook has immunity, these suits have no basis in law, and dismissal under Texas Rule of Procedure 91a is proper.

The Real Parties in Interest urge our court to adopt a construction of Section 230 that has been adopted by only a few courts. The vast majority of the courts reviewing this law have adopted the arguments made by Facebook. The artful pleading by the Real Parties in Interest should not prevail over the statute.

Fewer cases discuss the 2018 amendments to Section 230 known as the Fight Online Sex Trafficking Act of 2017 ("FOSTA"). However, this exception to immunity—on its face—does not apply to a civil action in state court.

Because Facebook has federal statutory immunity from these suits, I respectfully dissent.

/s/ Tracy Christopher
Justice

Panel consists of Justices Christopher, Spain, and Poissant.

2